Mathews, J.
delivered the opinion of the court. Both parties being dissatisfied with the judgment of the district court, each of them appealed.
The petition states that the defendants are indebted to the plaintiff, in the sum of L 4759, 15, sterling money of Great Britain, equal to a certain amount in dollars and cents, money of the U. S. and for greater certainty refers to an annexed account. The evidence in the cause consists of written documents and depositions, taken in direct and cross interrogatories. In the course of the trial in the district court, it appear- *650 e(j that the items of the plaintiff’s account, con- . 1 sisted of complaints of negligence and misconduct in the defendants, in regard to property of which they had the care and management, and an unjust charge of premium of insurance on a quantity of cotton and tobacco of the defendant. 1
The counsel for the defendants excepted generally to all the evidence offered by the plaintiff, in support of his action, as being irrelevant and inadmissible on the allegations of his petition. These certainly, without looking in the account, would lead to a belief, that the action Was founded on an insimul computassent. But when examined and compared with the evidence offered in support of them, they are found to contain charges of gross negligence and fraud. The petition does not state the cause of action, with that clearness and precision, which ought to be recognized in legal proceedings. The obvious meaning, in acceptation of law, of the phrase indebted on an account is a debt arising from services rendered on goods sold, the amount of which is not ascertained by an express stipulation. In cases, in which the obligation of the defendant to remunerate is founded on negligence and fraud, it is incumbent on the plaintiff, to set forth the charge of negligence and fraud in his petition. Had the evidence, in the present case, been offered by the plaintiff, such as it appears to be, in support *651 of the allegations in his petition, and were there no circumstance exhibited by the record, which shew that the counsel for the defendants had per-feet knowledge of the charges, which they were called on to contest, we should probably be of opinion that the exception ought to be sustained.
But, it appears they had such knowledge before they entered on the -trial of the cause, from the manner in which the cross-examination of the plaintiff’s witnesses is conducted, and other incidents : it is believed, that now to overrule the opinion of the district court, in admitting the evidence, would be doing injustice, as the object of certainty and explicitness, in setting forth the course of action in a petition, is to inform the defendant of the claims and pretentions against which he has to contend,
In relation to the merits of the case, the evidence shews, that the plaintiff and defendants were joint owners of the ship Alpheus, which, by her register, stood in the name of the defendants, who acted as ship’s-husbands ; that they have been in the practice of insuring the ship at her full value, thereby securing the interest of the plaintiff and their own, until a voyage attempted to be made, in 1816, in which she was lost, wherein they had only insured one half of her value, which they claimed for their own benefit, It *652 js further shewn in evidence, that the plaintiff, in # 1 1815, shipped on board of said ship, and consigned to the defendants, 300 bales of cotton and 30 hogsheads of tobacco, from New-Orleans to Liverpool, and requested the defendants to have insurance made thereon ; that the letter advising them of the shipment, and containing a request to have insurance effected, was received only two davs before the arrival of the ship at Liverpool. These are the only important facts, established by the testimony on the part of the plaintiff, as connected with the charges in his account.
The first is opposed by the defendants, on the ground of want of instructions to insure, and the second, on that of having faithfully and honestly complied with the plaintiff’s request b\* insuring his cotton and tobacco, paying the premium, &c; On this latter charge against the defendants, the only question which arises is one of fact, and according to the whole testimony relating to it, we see no reason to differ from the opinion of the jury expressed in their verdict.
The plaintiff’s right to recover, on account of the alledged neglect of the defendants, in not causing his interest in the ship to be insured, depends more upon legal questions. The evidence in the cause shews most elearly, that the plaintiff and defendants were joint owners and partners in the ship, of which the latter had the ex- *653 elusive possession, care and management. Ac- • , , . 3 cording to the law contractus quidem of the Roman digest, they are answerable to the plaintiff for ordinary negligence. They were bound to take the same care of his interest in the common property, which they did of their own. This they have not done ; having failed to insure for him, whilst they did for themselves. They are liable also on another ground : having been in the practice, of insuring the plaintiff’s interest in the ship as \Tell as their own, it is to be presumed, that for that purpose they had proper authority, and could not legally decline performing the same service, without making the circumstance known to him. Domat, 1, 15 § 4, art. 4.
Duncan for the plantiff, Livingston for the defendants.
As to the plaintiff’s claim for a difference in the price, we are of opinion, that it is not supported by the evidence.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed, and that each party pay his own costs in this court.